# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1887

_____

Land O' Lakes, Inc.

*Plaintiff*

v.

Employers Insurance Company of Wausau, formerly known as Employers Mutual
Liability Insurance Company of Wisconsin and Employers Insurance of Wausau A
Mutual Company

*Defendant*

The Travelers Indemnity Company

*Defendant - Appellant*

v.

White Mountains Reinsurance Company of America, Successor to Mutual Service
Casualty Insurance Company

Third-Party *Defendant - Appellee*

_____

No. 12-1889

_____

Land O' Lakes, Inc.

*Plaintiff*

v.

Employers Insurance Company of Wausau, formerly known as Employers Mutual Liability Insurance Company of Wisconsin and Employers Insurance of Wausau A Mutual Company

*Defendant - Appellant*

The Travelers Indemnity Company

*Defendant*

v.

White Mountains Reinsurance Company of America, Successor to Mutual Service Casualty Insurance Company

Third-Party *Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 14, 2013
Filed: August 29, 2013
[Unpublished]

_____

Before SMITH, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

This appeal arises from the Environmental Protection Agency's (EPA) claim against Land O' Lakes, Inc. ("Land O' Lakes"), for the costs of the cleanup of

chemical spills and discharge of contaminants at an oil refinery located in Cushing, Oklahoma. Land O' Lakes denied liability for the cleanup, but it sought defense and indemnification remedies under two liability insurance policies that Employers Insurance Company of Wausau ("Wausau") and Travelers Indemnity Company ("Travelers") issued. Wausau issued the first insurance policy to Land O' Lakes's predecessor, Midland Cooperatives, Inc. ("Midland"). Travelers issued the second insurance policy to Land O' Lakes itself. Wausau and Travelers both refused to defend Land O' Lakes against the EPA's claim.

Land O' Lakes filed suit against Wausau and Travelers, seeking damages for its defense costs and a declaratory judgment that they were bound to indemnify it. Wausau and Travelers then brought a third-party contribution claim against White Mountains Reinsurance Company of America ("White Mountains"). White Mountains was the successor to both American Farmers Insurance Company ("American Farmers") and Mutual Service Casualty Insurance Company (MSC). American Farmers had issued insurance policies to Midland from 1946 to 1949, and MSC had issued insurance policies to Midland from 1978 to 1981. Wausau and Travelers claimed that if they were liable to Land O' Lakes, then White Mountains was liable to them in equitable contribution under the American Farmers and MSC policies.

In *Land O' Lakes, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin*, the district court granted summary judgment to Wausau, Travelers, and White Mountains, holding that the six-year statute of limitations barred Land O' Lakes's defense costs and indemnity claims. 846 F. Supp. 2d 1007, 1020 (D. Minn. 2012). Land O' Lakes appealed, and in Case No. 12-1752, this court affirmed the district court's decision. Third-party defendant White Mountains brought this separate appeal, arguing that if we reversed *Land O' Lakes*, White Mountains still was not liable in equitable contribution to Wausau and Travelers. However, because we affirmed the district court's grant of summary judgment to Wausau and Travelers,

those insurance companies have no duty to defend or indemnify Land O' Lakes, and this appeal is now moot.

Consequently, this appeal is dismissed.

_____